**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| ELIZABETH W., | : | Case No. 3:25-cv-00291 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

This case is before the Court on the parties' Joint Stipulation for an Award of

Attorney's Fees Under the Equal Access to Justice Act (EAJA) (Doc. No. 13).

Specifically, the parties stipulate to an award to Plaintiff of attorney fees in the amount

of $3,800.00, and no costs, in full satisfaction and settlement of any and all claims

Plaintiff may have under the EAJA in the above case. The award of attorney fees will

satisfy all of Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412 in

this case. Any fees paid belong to Plaintiff, not her attorney, and can be offset to

satisfy pre-existing debt that Plaintiff owes the United States under *Astrue v. Ratliff*,

560 U.S. 586 (2010). Plaintiff and Defendant move that the Court award Plaintiff

EAJA fees of $3,800.00, and no costs, for a total award of $3,800.00.

After the Court enters this award, if counsel for the parties can verify that

Plaintiff owes no pre-existing debt subject to offset, Defendant agrees to direct that the

1

award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff.

**IT IS THEREFORE ORDERED THAT:**

1. The parties' Joint Stipulation for an Award of Attorney's Fees Under the EAJA (Doc. No. 13) is accepted and Defendant shall pay Plaintiff's attorney fees of **$3,800.00, and no costs, for a total award of $3,800.00**;

2. Counsel for the parties shall verify, **<u>within thirty days of this Decision and Entry,</u>** whether Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*

Caroline H. Gentry
United States Magistrate Judge

2